# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Delvin Lamont Shaw, | ) |
| Plaintiff, | ) Case No. 2:15-cv-102 |
| vs. | ) **ORDER AND AMENDED** |
| | ) **REPORT AND RECOMMENDATION** |
| Shannon Shell, Correctional Officer at Grand Forks County Correctional Center (in his individual and official capacity) and Grand Forks County Correctional Center, | ) |
| Defendants. | ) |

Under 28 U.S.C. § 1915A, the court must conduct an initial review of a complaint[1] filed by plaintiff Delvin Lamont Shaw (Shaw), an inmate seeking redress from governmental actors for alleged use of excessive force. (Doc. #5). Shaw, proceeding pro se and in forma pauperis, (Doc. #3), asserts claims under 42 U.S.C. § 1983. The court conducted its initial review of the complaint and filed a report and recommendation on January 21, 2016. (Doc. #11). On January 29, 2016, Shaw filed an objection to the report and recommendation. (Doc. #12). In light of Shaw's objection, the court now issues this order and amended report and recommendation.

## Summary

In his objection, Shaw provided additional facts regarding the alleged incident giving rise to his suit and requests video footage of the alleged incident. Because of the liberal construction standard the court must employ when reviewing pro se pleadings, the court will consider the additional information from Shaw's objection as a

---

[1] Though the court has not yet ordered service on the defendants, an answer has been filed. (Doc. #9). Because § 1915A(a) concerns review of only the complaint, the court has not considered the answer for purposes of this review.

supplement to the complaint, and the court will order that its previous report and recommendation be withdrawn.

Having considered the additional information, the court maintains the recommendation that the claim against Grand Forks County Correctional Center (GFCCC) be dismissed with prejudice because GFCCC is not an entity that can be sued under § 1983. With regard to the claims against Shannon Shell (Shell), the court maintains the recommendation that the official capacity claims be dismissed without prejudice because Shaw fails to allege that any county policy, custom, or practice caused his alleged constitutional deprivation. However, Shaw's pleadings now sufficiently allege that Shell's actions were objectively unreasonable, and Shaw therefore now states a facially plausible claim. As a result, the excessive force claim against Shell in his personal capacity should proceed.

At this initial review stage of the proceedings, the court should defer ruling on Shaw's request to receive video footage of the alleged incident.

**Facts**

Shaw's initial complaint used a form that provides space for four claims; he included only one sentence under each claim. First, Shaw alleges, "I have a scar on my neck from Officer Shell['s] taser gun." (Doc. #5, p. 4). Second, he states, "I have a scar on my stomach from Officer Shell['s] taser gun." Id. Third, he contends, "I pulled muscles in my neck, while being tased by Officer Shell." Id. at 5. Fourth, Shaw alleges, "[My] muscles are jumping all over now, and [my] heart rate [is] much faster." Id. As defendants, Shaw names GFCCC and Shell in his official and personal capacities. Id. at 1, 3.

In his objection—which the court is considering as a supplement to the complaint—Shaw claims, "Shell shot me with 50,000 volts over and over on video. I showed no threat to officers nor inmates." (Doc. #12, p. 1). Shaw requests "a copy of the video [of the alleged incident] from GFCCC . . . approximately 1520 on the date of 7/05/15," alleging the video will show that Shell "violated policies and procedures for officers at GFCCC." Id. Shaw adds that "Shell didn't say anything about a taser before shooting me[;] he also shot me from the hallway when I was walking to my cell." Id.

## Discussion

Under 28 U.S.C. § 1915A(a), the court must conduct an initial screening of a prisoner complaint against a governmental entity, officer, or employee. The court must identify cognizable claims, and must dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915A(b). A complaint fails to state a claim if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 579 (2007). When the factual content of a complaint allows the court to reasonably infer that a defendant is liable for the alleged misconduct, the complaint has stated a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a court must accept factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a facially plausible claim. Id.

Pleadings filed by pro se litigants must be liberally construed and are held to less stringent standards than are pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Applying that standard, the court construes Shaw's pleadings as asserting

claims for use of excessive force.

Although Shaw's complaint names GFCCC as a defendant, county jails are not legal entities amenable to suit. See Owens v. Scott Cty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Therefore, the court recommends that any claims against GFCCC be dismissed with prejudice.

The court next considers whether Shaw has alleged cognizable claims against Shell in his official or personal capacities.

1. **Official Capacity Claim**

Section 1983 suits against government employees in their official capacities are actually suits against the entity of which the employee is an agent. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 n.55 (1978). By naming Shell in his official capacity, Shaw has effectively named Grand Forks County as a defendant. "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." Marksmeier v. Davie, 622 F.3d 896, 902 (8th Cir. 2010). Although Shaw claims that a video will show that Shell violated "policies and procedures for officers at GFCCC," Shaw includes no further allegations regarding any policies and procedures. (Doc. #12, p. 1). He does not allege that a policy was unconstitutional; rather, he alleges that Shell's purported violation of the policy was unconstitutional. His conclusory statement is insufficient to state a facially plausible claim. See Iqbal, 556 U.S. at 678. Therefore, the claim against Shell in his official capacity should be dismissed without prejudice.

## 2. Personal Capacity Claim

"[T]o establish personal liability in a § 1983 action, it is enough to show that the [government] official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 165 (1985). The constitutional standard applied to excessive force claims may vary depending on whether the plaintiff was an arrestee, a pretrial detainee, or a prisoner at the time of the incident in question. Andrews v . Neer, 253 F.3d 1052, 1060 (8th Cir. 2001). In cases involving arrestees, the Fourth Amendment objective reasonableness standard applies. Graham v. Connor, 490 U.S. 386, 388 (1989). Pretrial detainee claims of excessive force are likewise evaluated under an objective reasonableness standard, although those claims arise under the Fifth and Fourteenth Amendments rather than under the Fourth Amendment. Andrews, 253 F.3d at 1060 (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048-49 (8th Cir. 1989)). When a prisoner asserts claims for excessive force, the Eighth Amendment applies, and the court considers whether force was used in a good faith effort to maintain or restore discipline or whether force was used maliciously and sadistically to cause harm. Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

From the statements in Shaw's pleadings, the court may surmise that the alleged incident took place on July 5, 2015, while Shaw was confined at GFCCC. However, the minimal facts of the pleadings do not allow the court to ascertain whether Shaw was at GFCCC as an arrestee, a pretrial detainee, or a prisoner. Based on the court's search of public records, it appears that Shaw was a pretrial detainee during the time in question. See North Dakota Courts Records Inquiry, http://publicsearch.ndcourts.gov/default.aspx

(last visited Feb. 11, 2016).

It is well-established that pretrial detainees may not be punished. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham, 490 U.S. at 395 n.10. Unconstitutional practices include those that are intended as punitive, those that are not rationally related to a legitimate purpose—such as safety, security, and efficiency—and those that are rationally related but nonetheless excessive with regard to their purpose. Johnson-El, 878 F.2d at 1048. The court's analysis focuses on whether the government's purpose in using force against the plaintiff was to injure, punish, or discipline the plaintiff. Edwards v. Byrd, 750 F.3d 728, 732 (8th Cir. 2014). Pretrial detainees may prevail in excessive force cases "by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473-74 (2015).

Shaw alleges that he was "walking to my cell," that he "showed no threat to officers nor inmates," that Shell "didn't say anything about a taser before shooting me," and that he was tased "over and over" by Shell. (Doc. #12, p. 1). With these assertions, Shaw has stated a facially plausible claim that Shell's actions were objectively unreasonable. The personal capacity excessive force claim against Shell should therefore proceed.

At this stage of the proceedings, the court is only conducting its initial review of the pleadings and should defer ruling on Shaw's request to receive video footage of the alleged incident.

## Conclusion

For the reasons discussed above, it is **ORDERED** that the court's prior report and recommendation, (Doc. #11), is **WITHDRAWN**.

Further, it is **RECOMMENDED** that the claim against GFCCC be **DISMISSED** with prejudice and that the claim against Shell in his official capacity be **DISMISSED** without prejudice. Additionally, it is **RECOMMENDED** that the district court conclude that Shaw has stated a facially plausible claim against Shell in his personal capacity, and the court should **DEFER** ruling on Shaw's request to receive video footage of the alleged incident.

Dated this 12th day of February, 2016.

                                                        */s/ Alice R. Senechal*
                                                        Alice R. Senechal
                                                        United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **February 26, 2016**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.